had upon it. A real estate broker is not entitled to recover commissions for a conditional sale of real estate which fails of actual consummation by no fault or fraud of the owner of the property. (*Hinds* v. *Henry*, 36 N. J. L. 333; *Walker* v. *Tirrell*, 101 Mass. 257.) Therefore I think the judgment and order of the Court below was correct, and should be affirmed.

---

[No. 6,200.—In Bank.]<br>May 30, 1882.

## SAMUEL SOULE ET AL. *v.* ANDREW J. POPE ET AL.

HARBOR COMMISSIONERS — DOCKAGE—WHARFAGE—TOLLS—STREETS— DEFINITION.—Affirmed upon authority of *The People* v. *The San Francisco Gas Co.*, 60 Cal. 349.

APPEAL from a judgment for the defendants, and an order denying a new trial, in the Nineteenth District Court, of the City and County of San Francisco. WHEELER, J.

*J. B. Lamar*, for Appellants.

The wharf in question is on the inside, seventy-five feet of Berry street, between Second and Third streets, and opposite Block number 10; and Berry street is one of the streets of the City and County of San Francisco, and lying along the water-front. (Act of 1863–4, § 10, p. 143.)

The power of the Legislature to confer upon the Board of State Harbor Commissioners jurisdiction over the harbor of San Francisco, and particularly over the wharf on Berry street, is clear. The defendants have wharfed out, below high-water mark, into the navigable waters of the bay, into a street or highway, and the structure is a purpresture; and the Legislature, in placing this navigable arm of the bay, this highway, under the jurisdiction and control of the Board of State Harbor Commissioners, with power to collect dockage, wharfage, and tolls, exercised a sovereign right. Where the soil is the King, the buildings below the high-water mark is a purpresture—an encroachment and intrusion upon the King's soil, which he may either demolish, or seize, or arrent, at his pleasure. (Angell on Tide Waters, 199, 897.) " By the

American Revolution, the people of each State in their sovereign capacity, acquired the absolute right to all their navigable waters and the soil under them. That right was not granted by the Constitution of the United States, but was reserved to the States respectively; and new States have the same right of sovereignty and jurisdiction over the navigable waters within their limits as the original ones." (*Barney* v. *Keokuk,* 94 U. S. 324; *Goodtitle* v. *Kibbe,* 9 How. 471; *Withers* v. *Buckley,* 20 id. 84; *The Attorney General* v. *The City of Eau Claire et al.,* 37 Wis. 447.)

*McAllister & Bergin,* for Respondents.

The Harbor Commissioners had no right to collect wharfage or dockage from a bulkhead projected by defendants from their water-lot property, which bulkhead was situate on the inner half of Berry street, previous to the time that the locality called Berry street had been converted by some structure, or some filling, into a street or thoroughfare.

The tenth section of the statute of March 5, 1864 (Statutes of California, 1863–64, page 143), cited in appellants' brief, has no application to this case, as that statute was repealed by the Political Code on the first of January, 1873, and the transactions in question occurred in December, 1874, and January and February, 1875. (Pol. C., § 18.) The power of the Harbor Commissioners, during December, 1874, and January and February, 1875, was derived from Sections 2,521 to 2,554 of the Political Code.

Upon the proper construction to be placed upon Section 2,535 this case depends. Undoubtedly, the latter part of this section gave the power to collect dockage, wharfage, and tolls upon the inner half of the streets lying along the water front; but, we say, not before such localities had become streets, not before they afforded means of passage for vehicles or foot passengers; not before they had practically become thoroughfares.

Section 2,539 of the Political Code limits the rate of tolls, wharfage, and dockage to be collected by the Harbor Commissioners, and in speaking of the localities from which these collections can be made, says "on merchandise landed upon

or shipped from the wharves;" "carried on or off the wharves by a vehicle."

Berry street, between Second and Third streets, was no wharf; neither was it a place to or from which anything could be carried in a vehicle; neither was it a place to which any vehicle could come, or along which any vehicle could pass. In other words, Berry street was not in the category of places from which the Harbor Commissioners were authorized to collect wharfage, dockage, and tolls.

The COURT:

Upon authority of *People etc.* v. *S. F. Gas Co., supra,* the judgment and order denying motion for new trial are affirmed.

THORNTON and McKEE, JJ., dissented.

----

[No. 6,868.—In Bank.]
May 30, 1882.

## F. W. VOLL ET AL. *v.* WILLIAM HOLLIS ET AL.

NEW TRIAL—DISMISSAL OF MOTION—ORDER DENYING MOTION—PRACTICE.—After a notice of intention to move for a new trial had been filed and a statement duly prepared and certified and filed, the Court made an order dismissing the motion for want of prosecution.

*Held:* The order must be considered as an order denying the motion; and the case is properly here on appeal.

FORCIBLE DETAINER—UNLAWFUL ENTRY—GOOD FAITH—EVIDENCE.—In an action for forcible detainer, evidence is not admissible, on the part of the defendant, to show that the entry was made in good faith and under claim and color of title. Under the Code, all entries on the actual possession of another are unlawful, and the question of good or bad faith, on the part of the defendant, no longer affects the right of the recovery.

ID.—ID.—ID.—ID.—CASES DISTINGUISHED.—*Thompson* v. *Smith*, 28 Cal. 532; *Shelby* v. *Houston*, 38 Id. 422, have no application under the provisions of the Code of Civil Procedure.

FORCIBLE ENTRY AND DETAINER—EVIDENCE.—On the trial of an action for forcible entry and detainer, a witness for the plaintiff was asked the question: "State if anything occurred with reference to that crowd of people there, with reference to the Mayor's going on the ground and ordering them to stop?" and the Court excluded the question.

*Held:* The question should have been allowed. It related to the circumstances of the entry, and was asked to show that it was forcible.

| 60 | 569 |
| 83 | 101 |
| 60 | 569 |
| 125 | 265 |
| 60 | 569 |
| 134 | 127 |
| 60 | 569 |
| 138 | 421 |
| 60 | 569 |
| 140 | 83 |
| 140 | 166 |
| 60 | 569 |
| 142 | 299 |